## Ray Hugh NEAL *v.* STATE of Arkansas

CA CR 81-162                          631 S.W. 2d 313

Court of Appeals of Arkansas
Opinion delivered April 14, 1982

*William R. Simpson, Jr.,* Public Defender, and *Howard Koopman,* Chief Deputy Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant, Ray Hugh Neal, was convicted of two counts of aggravated robbery, and his only argument for reversal is that the trial court should not have admitted an in-court identification that followed lineup procedures violating appellant's constitutional right to the presence of counsel. His argument is without merit.

Viewing the testimony in the light most favorable to the State, as we must do on appeal, the evidence indicates that after appellant had been identified in a photo spread, he was taken to the Pulaski County Sheriff's Office and placed in a lineup with four others. His Miranda rights were read to him before he appeared in the lineup. He was also shown a form that advised him that he had a right to confer with an attorney prior to the lineup or to have an attorney present during the proceedings. Appellant stated that he did not need an attorney, and would stand in any lineup, but he refused to sign the form. Three victims of the two robberies observed the lineup and identified appellant as the perpetrator. The fairness of the lineup procedure is not questioned, except for the absence of counsel.

In *United States* v. *Wade*, 388 U.S. 218 (1967), the United States Supreme Court found that the sixth and fourteenth amendment right to counsel attaches at a post-indictment pre-trial lineup. The court considered this to be a critical stage of the criminal prosecution, and held that no in-court identifications are admissible in evidence in the absence of defendant's counsel at the lineup, unless the right was intelligently waived. In *Kirby* v. *Illinois*, 406 U.S. 682 (1972), the court refused to extend this exclusionary rule to an instance which occurred before the defendant was formally charged with a criminal offense. Appellant has cited no Arkansas authority for the extension of the rule announced in *Wade*, and we are not persuaded by his argument.

In *Sims* v. *State*, 258 Ark. 940, 530 S.W. 2d 182 (1975), the court held that an attorney appointed before the lineup was conducted should have been notified.

On a prior occasion, appellant in the instant case had been charged with the offense of burglary and Sandra Berry of the Pulaski County Public Defender's Office had been appointed to represent appellant on that charge. The burglary charge was still pending at the time appellant was arrested on the aggravated robbery charges. Appellant stated at trial that before the lineup was conducted, he requested an opportunity to consult with his attorney, Sandra Berry, and

appellant did call her after the lineup was conducted. Appellant contended that a lawyer-client relationship existed between Sandra Berry and appellant at the time the lineup was held, but the trial court pointed out that Sandra Berry had not been appointed to represent appellant on the aggravated robbery charge and that there was no lawyer-client relationship. We agree with the trial court.

An important aspect of this case is the credibility of the witnesses, and the trial court had the right to accept such portions of the testimony as it believed to be true and reject those it believed to be false. *Core* v. *State*, 265 Ark. 409, 578 S.W. 2d 581 (1979). Appellant testified that his request to make a phone call was denied, but a deputy sheriff said he was given an opportunity to call anyone he wished. Upon conflicting testimony the finding of the trial court was justified.

We find no error and we affirm.